# AFFIDAVIT

I, Brandon King, being duly sworn, depose and say the following:

## INTRODUCTION AND AGENT'S BACKGROUND

1. I submit this affidavit in support of a criminal complaint and arrest warrant charging Ivy COLLINS-HARRIS with Attempting to Provide Contraband in Prison, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(3), and (d)(1)(B).

2. I am a Special Agent with the FBI, an investigative and law enforcement officer of the United States within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I have been employed as a Special Agent with the FBI since 2019.

3. I am currently assigned to the Cleveland Field Office, Youngstown Resident Agency to investigate violent crime. Since joining the FBI, I have been assigned and participated in investigations in the area of general criminal matters, which include firearm offenses, bank robberies, drug violations, crimes against children, armed robberies, and threats of violence. I have participated in all of the usual methods of investigation including, but not limited to, financial analysis, physical surveillance, cooperating witnesses, confidential human sources, telephone toll record analysis, interception of wire and cellular telephone communications, consensual monitoring, and in the execution of search and arrest warrants.

## PROBABLE CAUSE

4. On September 22, 2026, investigators assigned to Northeast Ohio Correctional Institution (NEOCC) contacted the FBI to report that Ivy COLLINS-

HARRIS, an attorney, was discovered attempting to bring contraband to prisoners in NEOCC.

5. NEOCC is a facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the United States Attorney General and is a prison within the definition of 18 U.S.C. § 1791(d)(4). Under this contract, NEOCC is used to house federal inmates during their federal court process and intended to be a secure facility. As a secure facility, and pursuant to its agreement with the Attorney General and federal law, items such as, tobacco, cellular phones, cellular phone charges, and marijuana are prohibited and considered contraband at NEOCC. Furthermore, marijuana also is considered a controlled substance under 18 U.S.C. § 791(d)(B) and 21 U.S.C. § 802(16)

6. On September 22, 2026, NEOCC Corrections Officer Claudette Wells was staffing the main security checkpoint of NEOCC. The main security checkpoint of NEOCC is where all visitors, including attorneys, must pass through to visit prisoners of NEOCC and be subject to a security screening. At approximately 1:00 p.m., COLLINS-HARRIS arrived at NEOCC. Upon arriving, she first went through the security perimeter and then checked into the mandatory security screening checkpoint.

7. COLLINS-HARRIS an identified herself as an attorney who was representing two inmates of NEOCC -- John Moore and Jordan Dandridge. Dandridge has been charged, detained, and is awaiting trial proceedings for weapons charges and narcotics trafficking in the United State District Court for the Western District of New York. Moore had previously been convicted of weapons charges and is detained pending a revocation hearing for a violation of his supervised release in the United State District

Court for the Western District of New York. A search of the U.S. District Court for the Western District of New York's Electronic Case Management System, however, shows that COLLINS-HARRIS neither an attorney of record for Dandridge,[1] nor Moore[2] in their federal proceedings.

8. During the security checkpoint, Corrections Officer Wells found two vacuum sealed packages of tobacco inside a brown accordion style folder that COLLINS-HARRIS had brought with her. Wells then contacted NEOCC Investigator Scott Hagy. Investigator Hagy located marijuana that was also secreted in the brown accordion style folder. He then inspected COLLINS-HARRIS's purse and found additional tobacco in a hidden compartment. Investigator Hagy then inspected the two laptops with which COLLINS-HARRIS was attempting to enter NEOCC. Inspector Hagy discovered that the laptop's internal components had been removed and inside concealed were 8 cell phones with multiple chargers.

9. COLLINS-HARRIS consented to a search of her Jeep Cherokee with New York License plate, MJC 2985, and signed a consent form. In Jeep Cherokee investigators found an android phone audibly giving driving directions. Investigators seized the phone. The rest of COLLINS-HARRIS'S property was inventoried. In COLLINS-HARRIS'S property was a New York State Unified Court System Attorney Secure Pass in the name of Ivy Shanice COLLINS-HARRIS, DOB, XX/XX/1988. Public records confirm COLLINS-HARRIS is a practicing attorney in Rochester, New York and was admitted to the New York State Bar on July 1, 2024.

---

[1] Dandridge is represented by a CJA Panel attorney from Buffalo, New York. See, *United States v. Dandridge*, 1:25-cr-184-LJV-MJR (W.D.N.Y.).

[2] Moore is represented by a Federal Public Defender from Rochester, New York. *See United States v. Moore*, 6:20-cr-6144 (W.D.N.Y.).

10. In total, investigators seized approximately 57 grams of suspected marijuana, approximately 1,090 total grams of tobacco, 8 Apple iPhones, and multiple chargers.

**CONCLUSION**

11. Based on the above, there is probable cause to believe that COLLINS-HARRIS has committed the offense of Attempting to Provide Contraband in Prison, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(3), and (d)(1)(B). I therefore request that this Court issue a criminal complaint and arrest warrant for COLLINS-HARRIS.

Brandon King
Special Agent
FBI

Sworn to via telephone on this 22th day of September 2026 after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1

AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE